IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| ABIMBOLA O. ASOJO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-333-D |
| | ) | |
| STATE OF OKLAHOMA *ex rel.* THE | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's motion [Doc. No. 24] to dismiss the Second Amended

Complaint.  Plaintiff timely responded, and Defendant filed a reply.

Defendant contends that the Second Amended Complaint should be dismissed because

Plaintiff has failed to comply with the Court's August 24, 2012 Order [Doc. No. 22] granting in part

Defendant's motion to dismiss the Amended Complaint, but authorizing Plaintiff to amend to cure

the pleading deficiencies as to certain claims for relief.

Background:

Plaintiff is an African American female, born in Nigeria, who is employed by the University

of Oklahoma as a professor in its Department of Architecture.  She brought this action to assert

claims based on employment discrimination on the basis of her gender, race, and national origin,

pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Equal Pay

Act, 29 U. S. C. § 203(d), alleging she was paid less than similarly situated male professors.

Plaintiff also asserted a pendent state law claim based on negligence.

 In seeking dismissal of the Amended Complaint, Defendant requested dismissal of the state

law negligence claim, set out in the fourth cause of action, pursuant to Fed. R. Civ. P. 12(b)(1)

because Defendant is entitled to Eleventh Amendment immunity from liability, and the Court lacks

subject matter jurisdiction over that claim.  Defendant sought dismissal of the Title VII and Equal

Pay Act causes of action, pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff failed to allege

sufficient facts to state plausible claims for relief on each of those causes of action.

In the August 24, 2012 Order, the Court granted Defendant's motion to dismiss the fourth

cause of action (pendent negligence claim) for lack of subject matter jurisdiction, as set forth in

detail in the August 24 Order.  Leave to amend regarding that cause of action was denied.  The Court

granted the Rule 12(b)(6) motion to dismiss the first, second, and third causes of action, finding

Plaintiff's factual allegations insufficient to state plausible claims for relief.   With respect to the

fifth cause of action asserting a separate claim based on unlawful Title VII retaliation, the Court

denied the motion to dismiss, finding the factual allegations sufficient to avoid a Rule 12(b)(6)

dismissal.

With respect to the first, second, and third causes of action, the Court authorized Plaintiff

leave to amend to cure the specific deficiencies set out in the Order.

Defendant now contends the Second Amended Complaint should be dismissed in whole or

in part because 1) Plaintiff reasserts the pendent state negligence claim which was dismissed by the

Court without leave to amend; and 2) Plaintiff's amended allegations do not cure the deficiencies

noted in the Court's Order as to the first, second, and third causes of action.

Discussion:

With respect to the pendent state negligence claim set out in the fourth cause of action,

Defendant is correct that the Court's Order dismissing this cause of action did not authorize Plaintiff

leave to amend. The Court expressly found that leave to amend would be futile. Order [Doc. No. 22] at p. 23. In response to the current motion, Plaintiff concedes that this cause of action should have been omitted from the Second Amended Complaint. Plaintiff offers no justification for its inclusion except the vague statement that she did not want to waive the claim. This cause of action is deemed stricken from the Second Amended Complaint.

With respect to the claims asserted in the first, second, and third causes of action, the Court will not repeat in detail the lengthy discussion in the Order noting the deficiencies in the allegations supporting these causes of action in the Amended Complaint. Generally, the primary deficiencies were related to Plaintiff's failure to allege the time period on which they are based, as both Title VII and Equal Pay Act claims are restricted by specific limitations periods. Defendant contends the Second Amended Complaint does not cure these deficiencies because Plaintiff continues to assert vague allegations from which the dates of various actions cannot be determined. Plaintiff is reminded that she may pursue only those claims which are timely according to the requirements of the statute on which she relies, and allegations based on actions outside the scope of the applicable limitations period cannot be pursued. However, the Court concludes that the allegations in the second and third causes of action, asserting claims based on Title VII retaliation and Equal Pay Act violations, respectively, are sufficient to withstand the motion to dismiss.

Defendants also argue that the Second Amended Complaint fails to cure the pleading deficiencies addressed by the Court with regard to Plaintiff's gender and national origin claims in the first cause of action. The Court notes, however, that the first cause of action in the Second Amended Complaint has omitted the national origin claim, and is now limited to an allegation of employment discrimination based on race and gender. While Plaintiff's allegations continue to be

more directed  at her gender than her race, the Court concludes that they are sufficient to withstand the motion to dismiss.

<u>Conclusion:</u>

For the foregoing reasons, the motion to dismiss [Doc. No. 24] the Second Amended Complaint is granted in part and denied in part.  The motion is granted as to the fourth cause of action, and is denied as to the remainder of the claims in the Second Amended Complaint.  Instead of further delaying these proceedings by requiring additional amendments, the Court directs that this action will proceed on the first, second, third, and fifth causes of action in the Second Amended Complaint.  Defendant shall file its Answer according to the deadline prescribed by the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 26th day of February, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE